UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CERVANTES,<br><br>    Plaintiff,<br><br>v.<br><br>A. JENKINS, et al.,<br><br>    Defendants. | No. 2:17-cv-2203 CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court notes that the Inmate Locator website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff is currently incarcerated at Valley State Prison and a copy of this order will be served on him at that location as well as at his address of record. Plaintiff will also be required to confirm his current address with the court.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff alleges that on May 16, 2016, defendant Jenkins approached him and attempted to touch his "genital/groin area." (ECF No. 1 at 2-3.) When plaintiff proceeded to ask Jenkins what his problem was, Jenkins shoved him up against a gate and pulled plaintiff's left leg out from under him, causing plaintiff to fall face first onto the concrete floor and sustain injuries to his back. (Id. at 3.) Plaintiff further alleges that defendant Does One, Two, and/or Three were on notice about Jenkins "constant harassment of inmates, and of his physical and/or sexual abusive conduct" through grievances and complaints, but failed to control his behavior. (Id.)

### IV. Claims for Which a Response Will Be Required

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment [also] places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in

a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). Plaintiff's allegations against defendant Jenkins are sufficient to state a claim for excessive use of force and Jenkins will be required to respond to the complaint.

V. Failure to State a Claim

Plaintiff has named three Doe defendants in the complaint, and although the use of fictitiously named Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants, Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). However, in this case, plaintiff has failed to allege sufficient facts against the Doe defendants to state a claim against them.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's conclusory allegations against the Doe defendants are insufficient to show that they were aware that Jenkins posed a risk of harm to plaintiff. There are no facts regarding the content of the complaints and grievances seen by the defendants. Nor are there facts about how many complaints each of the defendants reviewed such that they would each be aware that

4

Jenkins' behavior created a risk and that his behavior was habitual, rather than the result of isolated occurrences. Accordingly, the claims against the Doe defendants will be dismissed with leave to amend.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against the Doe defendants. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Jenkins on his claim that Jenkins used excessive force against him or he may delay serving Jenkins and amend the complaint to attempt to state cognizable claims against the Doe defendants. Plaintiff is cautioned that due to the impossibility of serving an unknown individual, even if he can amend the complaint to state claims against the Doe defendants, the court will not order service on them until plaintiff has identified them and filed a motion to substitute named defendants for the Doe defendants.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claim against defendant Jenkins without amending the complaint, the court will proceed to order service of defendant Jenkins. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against the Doe defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your claim for excessive force against defendant Jenkins states a claim and defendant Jenkins will be required to answer the complaint.

Your claims against the Doe defendants do not state a claim because you have not given facts that show that the defendants knew Jenkins was acting in a way that caused a risk of harm and that his conduct was on-going.

If you want, you can either (1) proceed immediately on your claim against defendant Jenkins and voluntarily dismiss the other claims or (2) try to amend the complaint to state claims against the Doe defendants. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against the Doe defendants. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** Even if you can state a claim against the Doe defendants, the

court will not order service on them until you are able to give their names.  You must complete the attached notice showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendant to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to serve plaintiff with a copy of this order at both his address of record and at Valley State Prison, P.O. Box 96, Chowchilla, CA 93610-0096.

4. Within thirty days from the date of this order, plaintiff must notify the court of his correct address.  Plaintiff is warned that failure to keep the court up-to-date with his address may result in this case being dismissed.

5. Plaintiff's claims against the Doe defendants are dismissed with leave to amend.

6. Plaintiff has the option to proceed immediately on his excessive force claim against defendant Jenkins as set forth in Section IV above, or to amend the complaint.

7. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

Dated:  November 8, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:cerv2203.14.option

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CERVANTES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. JENKINS, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2203 CKD P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Jenkins without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against the Doe defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Carlos Cervantes
　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se